# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-3963

GJERGJ PRELA, also known as GRERGI PRELA,

*Petitioner*,

v.

JOHN D. ASHCROFT,

*Respondent.*

———————

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A77-767-632

———————

ARGUED NOVEMBER 4, 2004—DECIDED JANUARY 7, 2005

———————

Before BAUER, RIPPLE, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* Petitioner Grergi Prela requests review of an order of the Board of Immigration Appeals ("BIA") affirming the denial of his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). For the reasons stated herein, we affirm.

## BACKGROUND

Prela is a native and citizen of the Federal Republic of Yugoslavia. An ethnic Albanian from Kosovo, Prela claims that he suffered persecution at the hands of Serbian police

and was also persecuted by the Albanian population due to his mother's Serbian heritage and the fact that he was seen at the police station several times. With regard to the Serbian police, he identifies three incidents which he believes constitute persecution. First, in 1989, Prela accidentally shot himself while cleaning a gun which he owned. At that time, civilians were not permitted to own firearms. He sought medical treatment and was later confronted by the Serbian police, who confiscated his passport and would not return it until he surrendered the illegally-possessed gun. At the time he surrendered the weapon, he was interrogated about his political opinions. Second, in 1994, police surrounded and searched Prela's house for illegal weapons. They arrested Prela and his brother and detained them for twenty-four hours until their mother paid a bribe to secure their release. Finally, in 1995, Prela was stopped by police while driving a car with Swiss tags. The police interrogated him, asked him to show them his documents, and demanded bribes. They also caused an unspecified injury to Prela's hands, though the injury was not serious. The police eventually released him, but told him that they did not want to see him anymore or they would kill him.

Prela also claims that the Albanians persecuted him, reciting incidents that actually occurred in Switzerland. From 1989 to 1999, Prela received a series of temporary work permits and performed construction work in Switzerland intermittently. While in Switzerland in 1998 and 1999, Prela claims that people associated with the Kosovo Liberation Army ("KLA") came to his house and threatened him with "elimination" if he did not join the KLA.

On March 21, 1999, Prela entered the United States as a non-immigrant visitor. An inspection of his documents revealed that he had previously entered the United States as a non-immigrant visitor in June 1998, but there was no

record of his departure. The INS[1] initiated removal proceedings on March 31, 1999. Prela conceded removability and applied for asylum, withholding of removal, and protection under the CAT on September 30, 1999. The Immigration Judge ("IJ") denied Prela's petition on July 1, 2002, finding that he had failed to prove that the claimed persecution was directed at him individually on the basis of his political opinion or nationality. Prela appealed, and the BIA summarily affirmed on October 15, 2003. The BIA adopted the conclusions of the IJ and added that the harm experienced by Prela did not rise to the level of past persecution or torture. Prela petitions for review of the BIA's decision.

## DISCUSSION

Since the BIA's order merely supplements the opinion of the IJ, that opinion, as supplemented, becomes the basis for review. *Liu v. Ashcroft*, 380 F.3d 307, 311 (7th Cir. 2004). We review the IJ's denial of Prela's petition under the deferential substantial evidence standard. Under this standard, we must affirm if the decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We will reverse only if we determine that the evidence compels a different result. *Brucaj v. Ashcroft*, 381 F.3d 602, 606 (7th Cir. 2004).

### *Asylum*

Under § 208(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a), the Attorney General has discretion to grant asylum to any alien who qualifies as a

---

[1] The Bureau of Immigration and Customs Enforcement, which is a part of the Department of Homeland Security, now performs the immigration enforcement function previously handled by the INS.

"refugee" as defined by 8 U.S.C. § 1101(a)(42)(A). To establish that he is a refugee, Prela must prove either that he has been the victim of persecution in the past or that he has a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. *Tolosa v. Ashcroft*, 384 F.3d 906, 908 (7th Cir. 2004). While the INA does not define "persecution," we have held that the conduct at issue must rise above the level of mere harassment. *Asani v. INS*, 154 F.3d 719, 723 (7th Cir. 1998). We have also recognized that "unpleasant and even dangerous conditions do not necessarily rise to the level of persecution." *Mitev v. INS*, 67 F.3d 1325, 1331 (7th Cir. 1995).

We are not compelled by the record to find that the incidents of which Prela complains are severe enough to constitute persecution. To reiterate, he was interrogated at various times by the police, detained for twenty-four hours, harassed for money, and beaten, causing an injury to his hands. Although these events may qualify as harassment or even intimidation, they are not so extreme that they rise to the level of persecution. This Court has held that similar or even more severe conduct is not persecution. *See, e.g.*, *Dandan v. Ashcroft*, 339 F.3d 567, 573-74 (7th Cir. 2003) (finding that detention for three days without food and beatings that caused facial swelling did not compel a finding of past persecution); *Zalega v. INS*, 916 F.2d 1257, 1260 (7th Cir. 1990) (affirming finding that periodic searches, arrests, and detainments did not constitute past persecution). The evidence in this case and our precedent does not compel a finding that Prela was persecuted in the past.

We also agree that there is substantial evidence supporting the IJ's determination that Prela does not have a well-founded fear of future persecution. In the absence of a finding of past persecution, Prela must prove that he genuinely fears persecution on the basis of one of the protected grounds if removed to Yugoslavia, and that his fears are

objectively reasonable. *Liu*, 380 F.3d at 312. Yugoslavia, and Kosovo in particular, has undergone significant change since 1999. The State Department Country Reports on Human Rights Practices in Yugoslavia for 2000 and 2001 both describe the establishment of a new government in the province of Kosovo and the return of hundreds of thousands of ethnic Albanians to Kosovo since the end of the Milosevic regime. Recent opinions by this Court have also recognized this change in country conditions. *See, e.g.*, *Brucaj*, 381 F.3d at 607. Given these changes, we do not dispute the IJ's conclusion that Prela's fear of future persecution is not objectively reasonable.

## *Withholding of Removal*

Prela also seeks withholding of removal under § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3). Under this section, he may not be removed to Yugoslavia if his life or freedom would be threatened there because of his race, religion, nationality, membership in a particular social group, or political opinion. *Id.* The standard for withholding of removal is more stringent than that for granting asylum. *Bevc v. INS*, 47 F.3d 907, 910 (7th Cir. 1995). To be eligible, he must establish a clear probability of persecution if returned to Yugoslavia; in other words, he must prove that it is more likely than not that he would be subject to persecution. *Borca v. INS*, 77 F.3d 210, 217 (7th Cir. 1996). As we have often held, the stricter standard logically dictates that a petitioner who fails to demonstrate eligibility for asylum cannot demonstrate eligibility for withholding of removal. *See, e.g.*, *Hasanaj v. Ashcroft*, 385 F.3d 780, 783 (7th Cir. 2004).

## *Torture Convention*

To qualify for protection under the CAT, Prela must prove that it is more likely than not that he would be tortured if

removed to Yugoslavia. 8 C.F.R. § 208.16(c)(2). Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). It is also described as an "extreme form of cruel and inhuman treatment." 8 C.F.R. § 208.18(a)(2). In determining whether it is more likely than not that a petitioner will be tortured, the IJ is directed by the implementing regulations to consider: (1) evidence of past torture inflicted upon the petitioner; (2) evidence that the petitioner could relocate to a part of the country of removal where he or she is not likely to be tortured; (3) evidence of gross, flagrant, or mass violations of human rights within the country of removal; and (4) other relevant information regarding conditions in the country of removal. 8 C.F.R. § 208.16(c)(3).

The evidence supports the IJ's assessment that the harm Prela suffered in Yugoslavia and Switzerland does not rise to the level of "torture" as defined by the CAT. As detailed above, Prela complains that he was detained for twenty-four hours, harassed for bribes, interrogated, threatened, and sustained an unspecified injury to his hands. While certainly unpleasant, these events do not amount to torture. We also find that there is substantial evidence supporting the IJ's determination that the likelihood of Prela being tortured if removed from the United States is low. Again, as we noted previously, country conditions in Yugoslavia have changed considerably over the past five years. We are not compelled to find that Prela will more likely than not be tortured if he returns to that country.

## CONCLUSION

The IJ's and BIA's decisions denying asylum, withholding of removal, and protection under the CAT to Prela are AFFIRMED and his petition for review is denied.

No. 03-3963                                              7

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*