**Ardita SADIKU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

**No. 03–4403.**

United States Court of Appeals, Second Circuit.

May 26, 2005.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Angela G. Schmidt, Assistant United States Attorney (Madelyn E. Johnson, Assistant United States Attorney), for Kenneth L. Wainstein, United States, Attorney for the District of Columbia, for Respondent, of counsel.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Present: WINTER, KATZMANN, Circuit Judges and MURTHA, District Judge.**

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and the decision of the Board of Immigration Appeals is **AFFIRMED.**

Ardita Sadiku ("Sadiku"), an ethnic Albanian from the Kosovo province of Yugoslavia, petitions this Court for review of a February 6, 2003 order by the Board of Immigration Appeals ("BIA") that summarily affirmed the October 1, 2001 decision of the Immigration Judge ("IJ") ordering Sadiku's removal and denying Sadiku's applications for asylum, withholding of removal, and relief under the Convention Against Torture.

We note at the outset that, because the BIA summarily affirmed the IJ's decision, "it is appropriate ... to review the decision of the IJ directly." *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings for substantial evidence, but the scope of our review is "exceedingly narrow." *See, e.g., Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Under the substantial evidence standard, a finding of fact must stand "if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,* 331 F.3d at 307 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000)). In addition, we note, that "[w]here, as here, an appeal turns on the sufficiency of the factual findings underlying the immigration court's determination

that an alien has failed to satisfy [her] burden of proof, we will reverse the immigration court's ruling only if no reasonable fact-finder could have failed to find [in petitioner's favor]." *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (internal quotation omitted).

▉ In this petition, Sadiku principally argues that substantial evidence does not support either: (1) the IJ's determination that she failed to establish past persecution in the Kosovo Province of Yugoslavia; or (2) the IJ's determination that she failed to establish that her fear of future persecution is well-founded. We are compelled to reject both arguments because both of the IJ's determinations are, in our view, supported by substantial evidence. As to the first, we cannot say that "no reasonable fact-finder" would have failed to find past persecution given that, as the IJ noted, Sadiku did not present any evidence indicating that she was harmed before she left Kosovo, and given that there is no evidence suggesting that Sadiku or any other member of her family was ever arrested, detained, interrogated or threatened before Sadiku left Kosovo. As to the second, given that the petitioner's home town of Mitrovizca has been effectively partitioned between ethnic Albanians and ethnic Serbs, and given that there has been a change in government in both Kosovo and the former Yugoslavia, we cannot say that no reasonable fact-finder could have failed to find that Sadiku's fear of future persecution is objectively reasonable and thus "well-founded." *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004); *cf. Prela v. Ashcroft,* 394 F.3d 515, 519 (7th Cir.2005) (up-

---

** The Honorable J. Garvan Murtha, United States District Judge for the District of Ver-   mont, sitting by designation.

holding the IJ's determination that an ethnic Albanian had failed to establish a reasonable fear of future persecution and calling attention to recent opinions of the 7th Circuit recognizing a change in country conditions in Yugoslavia, generally, and Kosovo, in particular).

Because we find the petitioner's remaining claims to be without merit, the petition is **DENIED** and the order of the Board of Immigration Appeals is **AFFIRMED**. However, we hasten to note our surprise that the Attorney General, who possesses the discretionary power to grant immigration relief at any time before an alien is legally removed, has so aggressively litigated the instant petition. Ardita Sadiku left her homeland at a tender age in the face of impending turmoil; she came to our shores seeking refuge; she has been a law-abiding resident all the time that she has lived here; and she seeks to remain here so that she may build a good and just life, one free of fear and full of hope. If we had the authority to do so, we would remand Ardita Sadiku's petition to the Attorney General for further consideration of the equities.