**Li LIN, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General of the United States Respondent.**

**No. 04–1552.**

United States Court of Appeals, Seventh Circuit.

Argued June 14, 2005.

Decided July 29, 2005.

**622**

Pengtian Ma, Chicago, IL, for Petitioner.

George P. Katsivalis, Department of Homeland Security, Office of the District Counsel, Chicago, IL, and Jeffrey J. Bernstein, Department of Justice Civil Division, Immigration Litigation, Washington, DC, for Respondent.

Before WOOD, WILLIAMS, and SYKES, Circuit Judges.

## ORDER

Li Lin, a Chinese citizen, traveled to the United States on a fraudulent Japanese passport. In an airport interview she apparently told immigration officials that her parents sent her to the United States to earn money to send home, but after applying for asylum, she testified before the immigration judge that she escaped from Chinese family planning officials who detained her for interfering in their investigation of her cousin's wife. The IJ believed Lin's interview statement but not her testimony, and denied her application after finding her not credible. The BIA affirmed without opinion and we deny Lin's petition to review that decision.

Lin was questioned by immigration officials through an interpreter immediately upon her arrival in the United States. According to a transcript of the interview, which Lin refused to sign based on advice from the smuggler who arranged her transportation, she initially said she came to the United States to evade Chinese police who were after her because of "birth problems." Later in the interview though, she conceded that story was fabricated: "I lied. I was told to say that by the smuggler so you wouldn't send me back to China." When again asked why she came to the United States, she answered, "My parents sent me here to send money back to them."

Lin was paroled after her airport interview, and she applied for asylum approximately seven months later. However, at her asylum hearing, Lin's story changed. She testified that in April 2001 her family was hiding a cousin's wife from authorities who wanted her to have an abortion. When family planning officials came to the house, Lin tried to block them from entering. Lin was told she was interfering with government business and was escorted to the village family-planning office, a 20-minute walk, where she was held for 10 hours before escaping through a window. After that, she said, she lived with a relative until she found a smuggler to get her out of China. The smuggler gave her a fake Japanese passport.

When the IJ questioned Lin about her airport interview, she denied lying to immigration officials, denied that a smuggler had coached her on what to say, and denied that her parents sent her to the United States to earn money. But Lin did not assert that there were problems with the airport translator, and the IJ admitted the airport interview into evidence without objection. The IJ found Lin not credible, reasoning that her uncorroborated testimony at the asylum hearing was "totally fabricated." The IJ noted that during the hearing Lin was visibly nervous and hesitated before answering some questions. The IJ also thought it implausible that Lin had tried to block the family planning officials—five men—from entering her home,

or that two of the officials had walked her back to their office 20 minutes away, or that she was able to escape after being held for 10 hours. Based on the adverse credibility finding, the IJ denied her application for asylum. Alternatively, the IJ found that even if Lin's testimony was believed, she failed to establish that she was either persecuted in the past or that she had a well-founded fear of future persecution. Finally, having concluded that Lin fabricated her asylum claim, the IJ labeled her application as "frivolous," which under 8 U.S.C. § 1158(d)(6) (2000), permanently bars Lin from any immigration benefits. The BIA affirmed, adopting the IJ's opinion as its own.

Lin does not challenge the IJ's determination that, even if believed, her testimony would not have established that she was persecuted in the past, or that she has a well-found fear of future persecution. Although she challenges the IJ's credibility determination, Lin still has the burden of establishing eligibility for asylum. *Medhin v. Ashcroft*, 350 F.3d 685, 690 (7th Cir. 2003). Because the BIA affirmed the IJ's opinion under its streamlined procedure, the IJ's opinion becomes the BIA's for purposes of judicial review. *See Georgis v. Ashcroft*, 328 F.3d 962, 966–67 (7th Cir. 2003). We review the IJ's denial of asylum, withholding of removal, and protection under the Convention Against Torture under the "highly deferential" substantial evidence standard. *Balogun v. Ashcroft*, 374 F.3d 492, 498 (7th Cir.2004).

■ Although the IJ did not specifically explain why Lin's testimony at her hearing would not have qualified her for asylum, the IJ's conclusion that she failed to show either past persecution or a well-founded fear of future persecution is supported by substantial evidence. We have previously held with respect to China's one-child policy, that an alien establishes past persecu-

tion by showing she either was subjected to a forced abortion, underwent involuntary sterilization, or faced persecution for failing to undergo or opposing such procedures. *Zheng v. Gonzales*, 409 F.3d 804, 806 (7th Cir.2005); *Lin v. Ashcroft*, 385 F.3d 748, 757 (7th Cir.2004). But Lin was not subject to any population control tactics. Instead, taking her testimony as true, she opposed the one-child policy and attempted to aid in hiding her cousin's wife who, according to Lin, was subjected to population control tactics. But proving persecution requires showing actions rising "above the level of mere harassment." *Prela v. Ashcroft*, 394 F.3d 515, 518 (7th Cir.2005) (interrogation, 24–hour detention, being harassed for money, and causing hand injury did not amount to persecution); *Skalak v. INS*, 944 F.2d 364, 365 (7th Cir.1991) (two three-day interrogation sessions did not amount to persecution); *Zalega v. INS*, 916 F.2d 1257, 1260 (7th Cir.1990) (periodic searches, arrests, and detentions did not amount to past persecution). Here, a ten-hour detention where Lin was not subject to physical abuse and was placed in a holding unit where there was an opportunity to escape without much difficulty also fails to qualify as past persecution. Given that Lin makes no attempt to dispute this critical aspect of the IJ's decision, her petition for review is denied. *Medhin*, 350 F.3d at 690; *Roman v. INS*, 233 F.3d 1027, 1033–34 (7th Cir. 2000).

■ Lin argues that the IJ should not have characterized her asylum application as frivolous. A finding that an asylum application is frivolous under 8 U.S.C. § 1158(d)(6) is reviewed de novo, tempered with deference to the BIA. *Barreto–Claro v. United States Attorney Gen.*, 275 F.3d 1334, 1338 (11th Cir.2001). Just because an applicant is deemed not credible does not automatically make her asylum appli-

cation frivolous. *Muhanna v. Gonzales,* 399 F.3d 582, 589 (3d Cir.2005). Rather, the BIA must find both that the applicant deliberately fabricated answers in an asylum application and that the fabricated answers were material to her eligibility for asylum. *Barreto–Claro,* 275 F.3d at 1339.

Lin admitted to immigration officials that she lied about the Chinese family planning officials and volunteered that her parents sent her to the United States to make money for the family. This airport interview was reliable because the questions posed to Lin were designed to elicit details of her asylum claim, Lin did not appear reluctant to reveal information to immigration officials based on prior interrogation sessions, and she did not contend that the translation provided by the interpreter was incorrect. *See Jamal–Daoud v. Gonzales,* 403 F.3d 918, 923 (*citing Ramsameachire v. Ashcroft,* 357 F.3d 169, 180–81 (2d. Cir.2004), for a list of factors useful in determining whether airport interviews are reliable.) After crediting Lin's airport interview and determining that everything she testified to at her asylum hearing was a lie, it was not improper for the IJ to find her asylum application frivolous, because material elements of the application were knowingly fabricated. 8 U.S.C. § 1158(d)(6) (2000); 8 C.F.R. § 1208.20 (2004).