**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2005[*]
Decided November 15, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 04-4226 | Petition for Review of an Order of the Board of Immigration Appeals |
| ZHENG ZHANG, | |
| *Petitioner*, | No. A77-993-888 |
| *v.* | |
| ALBERTO GONZALES, | |
| *Respondent.* | |

**ORDER**

Zheng Zhang, a Chinese citizen, applied for asylum in August 2002, claiming that she had a well-founded fear of persecution on account of her membership in a particular social group. Specifically, she claimed that her father's creditors, acting with the assistance of the government, detained and assaulted her as a means of tracking down her father and that she is at risk due to her family relationship with him. An immigration judge denied her relief, and the Board of Immigration

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Appeals affirmed.  Since we conclude that the record does not compel a finding of past persecution or future persecution, we deny the petition for review.

Zhang, who is 24 years old, is from Fujian province in China.  In August 2000, her father took out a loan to invest in a company and was unable to make repayments.  Zhang claims that her father's creditors, accompanied by government officials, came to the family home looking for him.  He was not there, having already fled the town with his wife.  In an effort to track down her father, Zhang says the creditors and officials bound her hands and arms, punched her in the face, kicked her, pulled her hair, and roughly dragged her away by the arm leaving some kind of scar.  Zhang also says that the officials kept her in prison for three days, denied her food, and threatened her with imprisonment if her father was not found.  She says she was released when she promised to locate her parents, but that the officials continued to trail her after her release.  Fearing for her safety, she left China for the United States the following January.

The IJ denied Zhang's applications for asylum, withholding of removal, and protection under the Convention Against Torture.  The IJ found her testimony "vague and confusing."  For example, the IJ found that Zhang gave conflicting answers regarding whether her father's debt was owed to the government or private creditors.  The IJ also found that some of Zhang's corroborative evidence  "added more confusion" to her story because it suggested that her father's debt was not even due until months after she was detained.  Finally, the IJ found that Zhang's brief detention was not serious enough to rise to the level of persecution, and that, in any case, she failed to show she was persecuted on account of her membership in a particular social group.  Zhang appealed all of those findings and also argued that the IJ denied her due process by improperly interfering with the direct exam in her hearing.  The BIA adopted and affirmed the IJ's decision, observing only that the IJ was not biased and did not deprive Zhang of due process.

Zhang's brief is somewhat unclear, but she seems to argue that, contrary to what the IJ found, being beaten and detained for three days without food by government officials was serious enough to constitute past persecution.   Zhang further argues that, because she has proven past persecution, she is entitled to a presumption that she has a well-founded fear of future persecution.  *Dandan v. Ashcroft*, 339 F.3d 567, 573 (7th Cir. 2003).

We have generally defined persecution as harm that rises above the level of mere harassment.  *Asani v. I.N.S.*, 154 F.3d 719, 723 (7th Cir. 1998).  Furthermore, we have determined that treatment similar to what Zhang experienced does not compel a finding of persecution.  *Prela v. Ashcroft*, 394 F.3d 515, 518 (7th Cir. 2005) (interrogations, 24-hour detention, and beating causing injury to petitioner's hands); *Liu v. Ashcroft*, 380 F.3d 307, 313 (7th Cir. 2004) (two-day detention,

pushing, and hair pulling); *Dandan*, 339 F.3d at 573–74 (three-day detention without food and beaten until face became swollen).  We have also said that an applicant must provide specific information about the severity of her treatment in order to show that the evidence compels a finding of persecution.  *Dandan*, 339 F.3d. at 574.  Other than testifying that officials left a scar on her arm when they dragged her away, Zhang did not detail the severity of the beating she received, and we do not think that a non-specific allegation of a scar is serious enough to compel a finding of persecution,  *Id.* at 572.

We also note that it is unclear whether Zhang has shown that the treatment she suffered was on account of a protected ground.  Zhang argues that the IJ should have found that she was persecuted on account of her membership in a particular social group—specifically her family relationship to her father.  A characteristic that defines a social group is one that a person either cannot change or, as a matter of conscience, should not be required to change.  *Tapiero de Orejuela v. Gonzales*, 423 F.3d 666, 672 (7th Cir. 2004).  We have suggested that an immediate family qualifies as a social group, *Iliev v. I.N.S.*, 127 F.3d 638, 642 (7th Cir. 1997), but typically such a situation involves the family in question being targeted for a reason that is also a protected ground.  *See id.* at 639–40 (family with anti-communist views);  *Tzankov v. I.N.S.*, 107 F.3d 516, 519 (7th Cir. 1997) (same); *Najafi v. I.N.S.*, 104 F.3d 943, 945, 947 (7th Cir. 1997) (family supported the Shah).  Zhang's family was targeted because her father owes money, and "individuals who owe money" is almost certainly not a protected group since owing money is not a characteristic a person cannot change or should not be required to change.  *See Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1191–92 (10th Cir. 2005).  In any event, we need not reach this issue because we have already determined that Zhang's evidence does not compel a finding that she was persecuted for any reason.

Finally Zhang argues that the IJ violated her due process rights by frequently interrupting her attorney and ultimately allowing her attorney to ask only a few questions during the direct exam of Zhang.  However, to make out a due process claim, Zhang must show that she was "prejudiced" by the IJ's conduct— in other words that the IJ's conduct potentially affected the outcome of the case.  *Hamid v. Gonzales*, 417 F.3d 642, 645–46 (7th Cir. 2005); *Roman v. I.N.S.*, 233 F.3d 1027, 1033 (7th Cir. 2000).  Zhang has said only that the IJ's interruptions "intimidated" her, and prevented her attorney from presenting the case in the way they had planned, but she has not specified what additional evidence she would have offered or what she would have done differently if the IJ had not interrupted.

For the foregoing reasons we DENY the petition for review.