[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-14035
Non-Argument Calendar

----------------------------------------

BIA No. A95-843-850

MARIO KODRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL

Respondent.

----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

----------------------------------------------------------------

**(May 11, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Mario Kodra ("Kodra") petitions for review of the Board of Immigration

Appeals' ("BIA") adoption of the Immigration Judge's ("IJ") order of removal and

denial of his application for asylum pursuant to 8 U.S.C. § 1158. We find no reversible error; we deny the petition.

In October 2002, the former Immigration and Naturalization service ("INS")[1] issued Kodra, a native and citizen of Albania, with a Notice to Appear, charging him with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled. Kodra appeared before an IJ, conceded removability, and applied for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture ("CAT"). 8 U.S.C. § 1231, 8 C.F.R. § 208.16(c).

In his asylum application and at the hearing before the IJ, Kodra contended, as a member of the Albanian Democratic Party, he had been subjected to persecution by officials of the then-governing Socialist Party. Kodra stated that he observed voter fraud by members of the Socialist Party during the October 2000 elections. Kodra contends that the alleged persecution began after he indicated his willingness to testify about the fraud in court. He points to three episodes during which the state prosecutor threatened Kodra with jail and bodily harm and accused

---

[1]In March 2003, the enforcement functions of the INS were transferred to the  Department of Homeland Security ("DHS").

2

him of having given false testimony. On one occasion in February 2001, two police officers beat Kodra for about ten minutes until he agreed to sign an affidavit contradicting his earlier accounts of voter fraud. Kodra reported the incident to the Democratic Party and filed a complaint in court against the prosecutor's office. He later abandoned the complaint and left Albania after the prosecutor pressured him to withdraw the charges and threatened him with imprisonment.

In addition to his own testimony, Kodra introduced into the record a copy of his Democratic Party membership card; an official notice of Kodra's appointment as an election observer for the October 2000 election; a "Note of Protest" from the Democratic Party about the February 2001 beating; a discharge sheet from Kodra's hospital visit after the beating; and the State Department's 2003 Country Report and 2004 profile of asylum claims and country conditions for Albania. Based on this evidence, the IJ denied Kodra's claims for asylum and withholding of removal under the INA and the CAT. On appeal, the BIA adopted and affirmed the decision of the IJ, specifically noting that the Democratic Party was one of the largest parties in Albania. Kodra now appeals the IJ and BIA's denial of his asylum claim.[2]

---

[2]Kodra's brief does not specify any points of error for his claims of withholding of removal under the INA and the CAT; he has therefore waived arguments on those issues. Al Najjar v. Ashcroft, 257 F.3d 1262, 1282 n.12 (11th Cir. 2001).

Where the BIA expressly adopts the IJ's decision, we review the IJ's decision as if it were the BIA's. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the IJ's factual findings under the substantial evidence test, accepting such findings unless the record "compels" reversal. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). We review the IJ's legal conclusions de novo. Al Najjar, 257 F.3d at 1284.

Section 208 of the INA, 8 U.S.C. § 1158, vests DHS and the Attorney General with discretion to grant asylum to "refugees," or persons who are unable or unwilling to return to their country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, or membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). An alien who establishes that he suffered past persecution is entitled to a rebuttable presumption of a well-founded fear of persecution. See 8 C.F.R. § 208.13(b)(1). An alien may otherwise establish a well-founded fear of future persecution by showing that he subjectively fears persecution and that an objectively reasonable possibility exists that he will suffer persecution upon removal. See id. § 208.13(b)(2)(i); Al Najjar, 257 F.3d at 1289.

Substantial evidence supports the IJ's determination that Korda failed to establish past persecution based on his political opinion. We have previously

4

observed that "'persecution' is an 'extreme concept,' . . . and . . . '[m]ere harassment does not amount to persecution.'" Sepulveda, 401 F.3d at 1231 (alteration in original)(quoting Gonzales v. Reno, 323 F.3d 1338, 1355 (11th Cir. 2000)). The incidents to which Kodra testified do not amount to past persecution: although the prosecutor threatened Kodra several times, Kodra received only minor injuries on just one occasion and was never detained or imprisoned. See Prela v. Ashcroft, 394 F.3d 515, 518 (7th Cir. 2005) (no past persecution where alien stopped and interrogated several times, detained once for twenty-four hours, and beaten so that he suffered injury to his hands); Tawm v. Ashcroft, 363 F.3d 740, 742-44 (8th Cir. 2004) (no past persecution where alien detained and beaten, but suffered no serious injury).

Neither does the record compel the conclusion that Kodra established an objectively reasonable fear of future persecution. The State Department reports indicate that there were no cases of political killings, disappearances, or prisoners from 2001 to 2003 and that "[t]here are no indications that the Socialist Party . . . is engaged in a pattern of repression or violent behavior against its opponents." See Al Najjar, 257 F.3d at 1287 (concluding that such evidence was sufficient to rebut an alien's claim of reasonable fear of future persecution). And nothing evidences that Kodra's position in the Democratic Party was such that the Socialist

Party – which is not the current governing party in Albania[3] -- would single him out for persecution now, more than five years after he left the country. See Sepulveda, 401 F.3d at 1232 ("[T]he evidence does not indicate [that the alien's] notoriety as an activist would outlast her four-year absence from Colombia."). We therefore conclude that substantial evidence supports the IJ's denial of Kodra's asylum claim and order of removal. Accordingly, Kodra's petition for review is denied.

**PETITION DENIED.**

---

[3] As Kodra acknowledged in his brief, the Democratic Party returned to power in 2005. See, e.g., U.S. Dep't of State Background Notes: Albania, http://www.state.gov/r/pa/ei/bgn/3235.htm.

6