*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0439p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

AFTAB AHMED MOHAMMED,

*Petitioner-Appellant,*

No. 06-3591

*v.*

PETER D. KEISLER,

*Respondent-Appellee.*

>

On Appeal from the Board
of Immigration Appeals.
No. A90 665 575.

Argued: September 10, 2007

Decided and Filed: November 2, 2007

Before: BOGGS, Chief Judge; MARTIN and SUTTON Circuit Judges.

---

**COUNSEL**

**ARGUED:** Jamie B. Naini, LAW OFFICES OF JAMIE B. NAINI, Bartlett, Tennessee, for Petitioner. Mark C. Elmer, UNITED STATES DEPARTMENT OF JUSTICE, Denver, Colorado, for Respondent. **ON BRIEF:** Jamie B. Naini, LAW OFFICES OF JAMIE B. NAINI, Bartlett, Tennessee, for Petitioner. Mark C. Elmer, UNITED STATES DEPARTMENT OF JUSTICE, Denver, Colorado, for Respondent.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Circuit Judge. Aftab Mohammed petitions for review of an order rendered by the Board of Immigration Appeals denying his application for asylum, withholding of deportation, and Convention Against Torture claim. For the reasons set forth below, we **DENY** Mohammed's petition for review.

I

After an individual hearing on January 3, 2005, an immigration judge rejected Mohammed's application for asylum. The immigration judge found that Mohammed had not suffered past persecution, nor had he shown a well-founded fear of future persecution. Mohammed's Torture Convention and withholding claims were likewise rejected. The Board of Immigration Appeals affirmed the immigration judge's decision without opinion.

Mohammed, a Shia Muslim, entered the United States in July 1984 when he was nineteen as a non-immigrant visitor with authorization to remain until January 23, 1985. He remains in the United States today. During a visit to his sister in Pakistan in 1992, he entered a Sunni Mosque, prayed there, and when recognized as a Shia, he was beaten and chased out of the mosque. He was picked up by police and held in custody for three days until his sister paid a bribe to get him out. The police confiscated his passport upon release, and Mohammed returned numerous times in an effort to retrieve it. On one such occasion, the police slapped and kicked Mohammed.

Two experts submitted affidavits stating that a person like Mohammed would be at risk in returning to Pakistan as part of the Shia minority. The record also shows that Mohammed has significant mental health issues which would increase his risk of harm. The Immigration Judge in his findings noted that, according to a United Kingdom Home Office document, Shias do not face systematic discrimination, are found in all levels of society, and have their own social, political, and cultural organizations.

The standard for review by this Court of a final order by the Board of Immigration Appeals is defined by statute: "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

II

As presented, this case turns on whether the incident at the mosque and the actions of the police constitute persecution on the basis of religion under the Immigration and Naturalization Act. An applicant may be granted asylum if he qualifies as a refugee, defined in 8 U.S.C. § 1101(a)(42)(A) as an alien unwilling or unable to return because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1158(a). Proof of past persecution raises a rebuttable presumption of a well-founded fear of persecution. 8 C.F.R. § 208.13(b)(1). Persecution is not statutorily defined, but this Court has shaped some of its contours. Persecution must rise above the level of harassment or discrimination without physical punishment, infliction of harm, or significant deprivation of liberty. *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998). Some courts have held a single incident to be sufficient to demonstrate persecution, but it must be correspondingly severe. *Dandan v. Ashcroft*, 339 F.3d 567, 574 (7th Cir. 2003). Furthermore, the context must indicate that the asylum applicant is targeted for abuse based on his membership in a protected category. *Gilaj v. Gonzales*, 408 F.3d 275, 285 (6th Cir. 2005). Because the mosque incident was not targeted action, and because the police mistreatment was not severe enough to constitute persecution, Mohammed has not shown past persecution.

### 1. The mosque beating

The record supports the immigration judge's conclusion that the Pakistani government did not sanction, either affirmatively or by inaction, the mob that beat Mohammed. Mohammed points to expert affidavits describing mistreatment of Shias and government inaction, but the United Kingdom Home Office report in the record concludes that Shias are generally protected by the government. While it is possible a future immigration judge might find differently, given the conflicting evidence in the record, we are not "compelled" to a contrary conclusion. Furthermore, since Mohammed voluntarily walked into a Sunni mosque, it is impossible to say he was targeted for abuse. *See Pilica v. Ashcroft* 388 F.3d 941, 955 (6th Cir. 2004) (noting that "all of the occurrences that arguably constitute past persecution resulted directly from Pilica's attendance at a demonstration rather than from the government having sought him out").

## 2. The police detention

The record also supports the immigration judge's conclusion that the police detention did not rise to the level of persecution under current precedents. Mohammed asserts that *Mikhailevitch*, 146 F.3d 384, 390 (6th Cir. 1988), defines persecution as any single incident where a person is subjected to physical punishment, infliction of harm, or significant deprivation of liberty. This is a misreading of the case. "Mikhailevitch states only that something more than a few isolated incidents of verbal harassment or intimidation unaccompanied by any physical punishment is necessary for finding persecution." *Gilaj,* 408 F.3d at 284 (internal quotations omitted).

A single incident may be sufficient to constitute persecution, but it must be correspondingly severe. *Lumaj v. Gonzales*, 462 F.3d 574, 577 (6th Cir. 2006). Mohammed was held for three days, apparently without abuse, and then was slapped and kicked once when he returned to attempt to retrieve his passport. This does not rise to the level of physical abuse required when past persecution is based solely on one incident. "[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional. If persecution were defined that expansively, a significant percentage of the world's population would qualify for asylum in this country." *Lumaj,* 462 F.3d at 577 (quoting *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir.1993)).

## 3. Withholding and torture claims

Mohammed makes further arguments based upon withholding of removal and the Convention Against Torture. Withholding of removal requires a clear probability of persecution on one of the five protected grounds. 8 U.S.C. § 1231(b)(3)(A). Since Mohammed fails to make his showing of persecution for asylum, he likewise fails to meet the more stringent requirements for withholding of removal. *See Mikhailevitch,* 146 F.3d at 391. The Convention Against Torture claim is without merit as there is no evidence of past torture or future risk of torture in the record.

Mohammed finally makes a general humanitarian appeal based on his disabilities. While his story is compelling, he points to no legal authority for such a general humanitarian grant of asylum.

III

The Board of Immigration Appeal's decision is supported by sufficient evidence, and the record does not "compel" this Court to overturn that decision. Therefore this Court **AFFIRMS** the Board of Immigration Appeals and **DENIES** the petition for review.