HELENE N. WHITE,
Circuit Judge, dissenting.
I respectfully dissent. I disagree with the majority’s conclusion that the IJ made an adverse credibility finding regarding Barry’s testimony as a whole. Further, because the IJ and the BIA faulted Barry for failing to provide sufficient corroborating evidence, I believe they committed error in not considering all of the corroborating evidence in the record. I would therefore remand for further consideration by the BIA.
I read the portion of the IJ’s opinion that the majority quotes as finding that Barry was not credible as to his explanations for how he obtained certain corroborating evidence that the IJ was seeking, not that his testimony was not credible overall. The IJ held that Barry was “not credible on those issues ” — a statement which refers back to Barry’s explanation for how he obtained certain documents, which the IJ identifies earlier in the sentence. At the very least, the IJ’s credibility statement is ambiguous. As a result, Barry is entitled to a presumption of credibility here. 8 U.S.C. § 1229a(c)(4)(C) (“[I]f no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.”); see also Haider v. Holder, 595 F.3d 276, 282 (6th Cir.2010) (“[W]hen an IJ or the BIA expresses suspicion about an applicant’s lack of credibility but the BIA fails to make an explicit adverse determination and instead denies relief on some other basis, we will assume that the applicant was credible in order to review the actual grounds for the ruling.”).
As the majority notes, however, although credible testimony may be sufficient, an IJ may also require “reasonable ... corroborating evidence.” Dorosh v. Ashcroft, 398 F.3d 379, 382 (6th Cir.2004). Some of the corroborating evidence the IJ *426 sought is of questionable reasonableness. For instance, that the RPG did not provide cover letters with the mailings it sent to Barry does not raise the “red flags” for me that it does for the majority. Even assuming, arguendo, that whoever at the RPG offices was tasked with responding to a request for documents would also include a cover letter, it is not surprising that a member of an opposition party that is subject to political persecution would be hesitant to unnecessarily tie their name to the assistance of other opposition party members.
More troubling, however, is the IJ and the BIA’s failure to consider all of the record evidence corroborating Barry’s claim. As the majority notes, neither the IJ nor the BIA discussed a purported newspaper article that mentions, inter alia, that Barry was arrested in Guinea for his political involvement. The majority is correct that the article is valuable corroborating evidence for Barry’s testimony. Moreover, the IJ and the BIA’s failure to consider the article is particularly troubling because both the IJ and the BIA specifically noted in their opinions that part of Barry’s failure to meet his burden of proof was that he insufficiently corroborated his claim that he was detained.
Further, I disagree with the majority’s holding that the allegations corroborated by the newspaper article do not rise to the level of past persecution. The article corroborates Barry’s detention, and therefore corroborates treatment that could establish past persecution. See, e.g., Hussein v. Holder, 380 Fed.Appx. 474, 480 (6th Cir.2010) (unpublished decision) (“Types of actions that might cross the line from harassment to persecution include: detention, arrest, interrogation, prosecution, imprisonment, illegal searches, confiscation of property, surveillance, beatings, or torture.” (quoting Gilaj v. Gonzales, 408 F.3d 275, 285 (6th Cir.2005))); Scavenger v. Mukasey, 313 Fed.Appx. 816, 818 (6th Cir.2008) (To establish persecution, applicant must show that they faced a “deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life.”); cf. Mikhailevitch v. I.N.S., 146 F.3d 384, 390 (6th Cir.1998) (“ ‘[Persecution’ within the meaning of 8 U.S.C. 1101(a)(42)(A) requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty.”). The two cases the majority cites for the proposition that “the allegations [the article] corroborates do not rise to the level of past persecution” both addressed alleged detentions that took place over a far shorter period of time, and with less accompanying physical abuse, than what Barry alleges here. In Mohammed v. Keisler, 507 F.3d 369, 371-72 (6th Cir.2007), the petitioner was allegedly detained for three days and was “slapped and kicked once.” In Prasad v. I.N.S., 47 F.3d 336, 339 (9th Cir.1995), the petitioner was allegedly held for six hours, and hit and kicked once. Barry, on the other hand, alleges that he was detained for three months, and repeatedly beaten.
In the context of an opinion that denies asylum based on a failure to corroborate, I believe the IJ and BIA’s failure to address record evidence that corroborates a claim of persecution requires a remand for reconsideration, and would so order. See Alcius v. Holder, 374 Fed.Appx. 583, 589 (6th Cir.2010) (“This is not to say that the IJ and BIA got it wrong, but their failure to grapple with the evidence ... suggests that the decision must be sent back for a more complete analysis.” (internal brackets omitted) (quoting Ileana v. I.N.S., 106 Fed.Appx. 349, 357 (6th Cir.2004))).