NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0392n.06

Nos. 10-3379, 10-4346

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DALJIT KAUR,                                          )
                                                     )
        Petitioner,                                  )
                                                     )   ON PETITION FOR REVIEW FROM
v.                                                   )   THE  BOARD  OF  IMMIGRATION
                                                     )   APPEALS
ERIC H. HOLDER, JR., Attorney General,               )
                                                     )
        Respondent.                                  )


**Before: BOGGS and WHITE, Circuit Judges, and BERTELSMAN, District Judge.***

        **HELENE N. WHITE, Circuit Judge**. Daljit Kaur petitions for review of the BIA's March

5, 2010 decision dismissing her appeal from the IJ's denial of her applications for asylum,

withholding of removal and protection under the CAT. In a separate case, and represented by

different counsel, Kaur petitions for review of the BIA's September 28, 2010 decision denying her

motion to reopen. This court granted Respondent's motion to consolidate the two cases for

submission. We DENY the petitions for review in both cases.

**I**

        Daljit Kaur (Kaur), a native and citizen of India, entered the United States without inspection

on or around February 9, 1996, and applied for asylum in December 1997. After an asylum officer

interviewed her in November 2000, her application was referred to the Immigration Court. On

_____

        *The Honorable William O. Bertelsman, United States District Judge for the Eastern District
of Kentucky, sitting by designation.

November 16, 2000, the Immigration and Naturalization Service (INS), now the Department of

Homeland Security (DHS), filed a Notice to Appear (NTA) charging Kaur as removable as an alien

not admitted or paroled after inspection by an immigration officer. Kaur admitted the NTA

allegations, conceded removability, and sought asylum, withholding of removal, and protection

under the Convention Against Torture (CAT) at a hearing before an Immigration Judge (IJ) on

February 22, 2001.

## IJ Proceedings

Kaur appeared before an IJ for an individual hearing on January 17, 2008, after which the IJ

denied Kaur's applications for relief and ordered her removed to India. The IJ's May 19, 2008

decision stated in pertinent part:

> The respondent was born May 1, 1970, in the state of Punjab, India. She is a Sikh. The respondent was married in 1991 but has been separated from her husband since April, 1999. The respondent and her husband have two children, both of whom are boys. One was born in India in December, 1991, the other was born in the United States.

> The respondent testified that her husband was active in the All-India Sikh Student Federation. She testified that he became involved after attending Saddar College. According to the respondent, her husband was arrested on multiple occasions due to his political involvement. The last of these arrests was in November of 1993. He was, according to the respondent, taken to Jagraon police station after his arrest where he was beaten. She testified that she saw him after his arrest, and he was bruised. After this arrest, the respondent testified that her husband decided to leave India, and he came to the United States. The respondent testified that her husband never told her about his arrests or detentions or the reasons therefor. It is her conclusion that he was arrested as a result of his political activities.

> The respondent testified that after her husband left for the United States, she was arrested two times. The first arrest was on March 9, 1994. The respondent testified that four or five police came to her home. She, her son, and her mother-in-law were present at the time. According to the respondent, the police were looking

for her husband in connection with the death of one or more police officers. The respondent denied any knowledge regarding her husband's whereabouts. The respondent testified that the police held her for three days and questioned and beat her. She also testified upon prompting from her counsel that she was sexually assaulted by the police during her detention. She was apparently released after her in-laws paid a bribe to the police.

The respondent testified that her second arrest occurred on September 15, 1995. On this occasion, the respondent testified that seven or eight police officers came to her home during the dinner hour looking for her husband. The police told her that they were seeking her husband in connection with the killing of a government official. The respondent testified that she and her four-year-old son were taken into custody. According to the respondent, her son was held upside down by one leg while she was questioned. The police threatened to injure or kill him if she did not cooperate with them. She testified that they also pushed her around and again sexually assaulted her.

Thereafter, the respondent testified that she decided to leave India and did so in February of 1996. She testified that she left without her son (who remains in India to this day) and traveled to Canada, then to the United States, arriving in Cincinnati, Ohio, on February 9, 1996. Her asylum application was filed on December 4, 1997. The respondent claims that the police have come to her in-laws' since that time looking for her since she came to the United States.

The respondent has sought relief based upon her husband's political opinion being imputed to her. The respondent's asylum application also asserts a claim for asylum based upon race, religion, and membership in a particular social group. However, the respondent presented no evidence of any sort to support those claims.
. . . .
The first issue with regard to any asylum claim is the credibility of the claimant. This is particularly true whereas here, the respondent is the only witness, and there is virtually no evidence to corroborate the respondent's claim. The respondent presented herself as a fairly credible witness. Her demeanor on the witness stand was not indicative of a person who was being deceptive. There was, however, a major inconsistency between the respondent's asylum application and her testimony.

The respondent testified that she was raped twice during her two detentions. There was no mention of these assaults in her application. The respondent testified that she did not seek medical treatment after either period of detention even though she claims to have been sexually assaulted. The respondent testified in response to

the Government's questions that she told her counsel about the rapes as early as 2001. However, the respondent did not see fit to ever supplement her asylum application to include information about the sexual assaults.

The respondent testified that she was too embarrassed to mention the sexual assaults either to a doctor in India or in her asylum application. While the Court could believe the respondent's statements in this regard, they did not explain why the first mention of these claimed rapes came during the merit hearing. This is of particular concern since the respondent claims that she related these events to her counsel nearly seven years ago. The Court finds that the respondent's credibility is diminished by these omissions.

The respondent's case is also rendered weaker by her failure to provide any evidence to corroborate her testimony. The respondent has presented no documentation to show that her husband ever attended college or that he was ever a member of the All-India Sikh Student Federation. Indeed, even though the respondent lived with her husband from the time of her arrival in the United States until they separated in 1999 (a period of at least three years), the respondent has not provided a written statement from him to corroborate any of her testimony. Likewise, the respondent has not filed written statements from her mother or father-in-law to support her testimony. She testified that her in-laws were present at both of her arrests and secured her release from custody on both occasions. While the respondent testified that her father-in-law died in 2002, she has not explained why she did not obtain a written statement from him prior to his death. Such a statement would be particularly significant as the respondent testified that he secured her release from jail following each of her arrests.

The respondent's mother-in-law is apparently still alive. No written statement from her has been submitted in support of the respondent's application.

The respondent's testimony regarding her two arrests and detention periods is very general in nature. While she claims to have been beaten, she provided no detail about those claimed beatings and did not testify regarding any injuries that she received. She did testify that she did not seek medical treatment upon release after either arrest.

The respondent has failed to prove that her arrests and periods of detention were due to one of the five factors set forth in the statute. This lack of nexus is fatal to the respondent's asylum claim. The respondent's testimony is to the effect that she was arrested by police who were seeking her husband because of their suspicion that he was involved in killings of police officers and a government official.

Governments have the right and even the duty to investigate violations of their law. *The fact that police may be investigating killings that appear to be politically motivated does not mean that the arrest of a person who may have information about suspected perpetrators is an arrest on account of the political opinion of the person arrested, nor does it mean that the police have imputed a political opinion of the suspected killer to a witness or to a person whom they believe may have information regarding the whereabouts of a suspected killer or killers.*

The respondent only testified that the police arrested her because they apparently believed she had knowledge of her husband's location. He was the suspect, not the respondent. Her arrest, under the circumstances and evidence, does not compel the conclusion that she was arrested because the police believed that she shared her husband's political views. The imputation of her husband's political opinion to her is not proven by her testimony.

Even if the Court would find that the respondent was arrested and detained on account of imputation of her husband's political beliefs to her, the Court would still not find that the respondent has proven that she was persecuted. The respondent was arrested and detained on two occasions eighteen months apart. She was detained for a total of five days according to her testimony. Although she claims to have been beaten and raped on each occasion, she never sought any medical treatment after her release and has not testified as to any injuries sustained. As the Court has noted above, the respondent's credibility is suspect regarding her claim of rape that was brought forth for the first time during her testimony in this case. The evidence is insufficient to sustain a claim of persecution. See Popalli v. Gonzales, 417 F.3d 128 (1st Cir. 2005); Trela v. Ashcroft, 394 F.3d 515 (7th Cir. 2005).

Having failed to prove past persecution, the respondent does not gain the benefit of a statutory presumption of a well-founded fear of future persecution. Therefore, the respondent must prove that she has a subjectively real and objectively reasonable fear of future persecution based upon one of the five categories in the statute. The respondent has testified that she fears returning to India. However, she has not testified as to exactly why. The Court can only infer, therefore, that the respondent fears returning to India based upon the events that she claims as past persecution. As the Court has found that evidence insufficient to establish past persecution, the Court finds that it is also insufficient to establish a well-founded fear of future persecution. For the foregoing reasons, the Court finds that the respondent has failed to prove her claim for asylum under Section 208 of the Immigration and Nationality Act. As the respondent has failed to present evidence sufficient to prove her claim for asylum, she has necessarily failed to meet the higher standard of proof necessary to prove her claim for withholding of removal pursuant to Section 241(b)

(3) (A) of the Immigration and Nationality Act. Likewise, the Court finds that the evidence presented by the respondent is insufficient to prove that it is more likely than not that she will be subjected to torture by, at the instigation of, or with the acquiescence of the government of India should she return to that country.

AR in 10-3379 at 69-73 (emphasis added).

## BIA Proceedings

The Board of Immigration Appeals (BIA) affirmed the IJ's decision and dismissed her appeal, finding that the IJ "was not clearly erroneous in denying the respondent's applications for asylum and withholding of removal as the result of her lack of credibility," and that the IJ's

adverse credibility determination is supported by specific, cogent reasons that relate to issues that go to the heart of the respondent's claim . . . [s]pecifically, the [IJ] noted the significant inconsistency between the respondent's testimony and asylum application statement describing her treatment during two detainments by Indian authorities. . . Notably missing from her asylum application statement is any mention of . . . sexual assaults.

AR 3. The BIA further noted that Kaur "utterly failed to rehabilitate her claim with corroboration," i.e., she failed to produce evidence corroborating her husband's affiliation with the All-India Sikh Student Federation, and failed to produce statement(s) from her in-laws, who were present during her arrests and secured her release from custody on both occasions. The BIA also affirmed the IJ's alternative finding that Kaur's claim lacked a nexus to a protected ground. AR 4.

Kaur filed a motion to stay removal in this court, which this court denied by order filed June 10, 2010.

In the meantime, on June 3, 2010, Kaur, represented by different counsel, filed a motion to reopen and reconsider with the BIA, based on claimed legal error and ineffective assistance of counsel. Kaur's motion argued that she was prejudiced by her first counsel's ineffective assistance,

i.e., his failure to file a supplemental I-589 on her behalf, which would have claimed that she was twice raped by Indian authorities during her detainments in India, despite having informed him of these assaults in 2001. Kaur's motion also argued that the BIA committed legal error when it affirmed the IJ's adverse credibility finding because, in fact, the IJ made no such finding.

The BIA denied Kaur's motion to reconsider as untimely, and denied her motion to reopen on the merits, concluding that Kaur failed to establish prejudice as a result of her first counsel's allegedly deficient performance, noting that she failed to attach to her motion a copy of her mother-in-law's affidavit corroborating her claims of rape or any other corroborating documentary evidence.

> [F]or the following reasons the Board will deny the respondent's motion to reopen. The Immigration Judge based his adverse credibility finding on a significant material inconsistency between the respondent's testimony and her asylum application, and the lack of corroboration of her claim. *See* Immigration Judge's Decision at 5-7. In her motion, the respondent raises a claim of ineffective assistance of counsel against her former attorney. The respondent has offered evidence of her compliance with the procedural requirements for an ineffective assistance of counsel claim before the Board. *See Pepaj v. Mukasey*, 509 F.3d 725, 727 (6th Cir. 2007); *Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA 1988). Even if the respondent has satisfied the procedural requirements, she also must demonstrate that she was prejudiced by ineffective assistance of counsel. *See Matter of Lozada*, *supra*, at 640. A demonstration of prejudice requires the respondent to establish that but for her former attorney's actions, she would have been able to remain in the United States. *See Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005). We find that the respondent has failed to demonstrate prejudice as a result of her former attorney's allegedly deficient performance.
>
> In her affidavit, the respondent states that she "gave (her former attorney) an affidavit from (her) mother-in-law and other evidence in support of her claim." She further states that she "relied on (her former attorney) to file all evidence and necessary applications with the (Immigration Court) and to raise all of the proper issues for appeal to the Board of Immigration Appeals." See Respondent's Affidavit at 1. With this motion, however, the respondent has not offered a copy of her mother-in-law's affidavit. Nor has she offered any other corroborative evidence that her former attorney allegedly failed to proffer in support of her applications for

asylum and withholding of removal. Indeed, the respondent has not offered any evidence, including new and previously unavailable evidence, to corroborate her claim and overcome the Immigration Judge's adverse credibility finding. *See* 8 C.F.R. § 1003.2(c)(I). *See also Matter of Coelho*, 20 I&N Dee. 464, 472-73 (BIA 1988) (explaining that a party who seeks a remand or to reopen proceedings to pursue relief bears a "heavy burden" of proving that if proceedings before the Immigration Judge were reopened, with all the attendant delays, the new evidence would likely change the result in the case).

In sum, we reject the respondent's ineffective assistance of counsel claim. Therefore, reopening based on a claim of ineffective assistance of counsel is not warranted in this case. Accordingly, the respondent's motion to reopen will be denied. The respondent's untimely motion to reconsider will also be denied.

AR in 10-4346 at 3-4 (emphasis added).

## II - <u>Docket No. 10-3379</u>

Kaur argues that the IJ abused his discretion in finding that her testimony of rape and sexual abuse by the Indian authorities was not credible because similar allegations were not contained in her 1997 asylum application. Kaur also argues that the IJ and BIA decisions are not supported by substantial evidence.

## A

Because the BIA did not summarily affirm or expressly adopt the IJ's reasoning and provided an explanation for its decision, this court reviews the BIA's decision as the final agency determination. *See Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). The BIA's factual findings are reviewed under the deferential substantial evidence standard, and issues of law de novo. *Almuhtaseb v. Gonzales*, 453 F.3d 743, 749 (6th Cir. 2006); *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). The ultimate question whether an alien has established past persecution or a well-founded fear of future persecution is reviewed under the substantial-evidence standard. *Japarkulova*

*v. Holder*, 615 F.3d 696, 702 (6th Cir. 2010). Under this deferential standard of review, "these findings 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Khalili*, 557 F.3d at 435 (quoting 8 U.S.C. § 1252(b)(4)(B)). The court "cannot reverse such findings simply because [it] would have decided them differently." *Id.*

**Asylum**

An alien seeking asylum must establish that she is a refugee as defined in 8 U.S.C. § 1101(a)(42)(A), i.e., a person who is unable or unwilling to return to her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Because Kaur's application was filed initially before May 11, 2005, an adverse credibility finding "must be based on issues that go to the heart of the applicant's claim; it cannot be based on an irrelevant inconsistency." *Ndrecaj v. Mukasey*, 522 F.3d 667, 674-75 (6th Cir. 2008). Inconsistencies and omissions may form the basis of an adverse credibility determination if they are substantially related to the asylum claim. *Liti v. Gonzales*, 411 F.3d 631, 637 (6th Cir. 2005).

To demonstrate a well-founded fear of future persecution, the alien must show that "persecution is a reasonable probability" should she be sent back to his home country. *Perkovic v. INS*, 33 F.3d 615, 620 (6th Cir. 1994). "Well-founded fear" has "both a subjective and an objective component: an alien must actually fear that she will be persecuted upon return to her country, and she must present evidence establishing an 'objective situation' under which her fear can be deemed reasonable." *Id.* at 620-21. An alien need not show that she "probably will be persecuted if [s]he is deported; '[o]ne can certainly have a well-founded fear of an event happening when there is less

than a 50% chance of the occurrence taking place.'" *Id.* (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987)). "[She] is not required to produce evidence of persecution; the alien's own testimony can be sufficient to support an application for asylum, where the testimony is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis for h[er] fear." *Id.* at 621 (citation and internal quotation marks omitted); *see also Ali v. Ashcroft*, 366 F.3d 407, 411 (6th Cir. 2004).

**B**

This is an unfortunate case. Kaur has no formal education, speaks little English, and had not traveled outside her native province, Punjab, before she left India to come to the United States. Kaur's first counsel began representing Kaur in 2001, yet in the 7 years he represented Kaur, he failed to supplement her 1997 asylum application (I-589) and failed to timely submit any corroborative evidence in support of her claim of past persecution.

Even if Kaur is correct that the IJ did not make an adverse credibility finding and the BIA thus erred in affirming an adverse credibility finding, substantial evidence supported the alternative finding that the evidence does not compel the conclusion that she was arrested because the police believed she shared her husband's political views. As the IJ noted, the fact that Punjabi police may be investigating crimes that appeared to be politically motivated does not mean that the arrest of a person who may have information about suspected perpetrators is an arrest on account of the arrestee's political opinion or that the police imputed the political opinion of the suspected killer to the arrestee.

It is quite possible, as the IJ and BIA concluded, that Kaur's two detentions by Indian authorities were prompted by their criminal investigation of deaths, and suspicion that Kaur's husband was involved therein. *See Pablo-Sanchez v. Holder*, 600 F.3d 592, 595 (6th Cir. 2010) (stating that, where it is possible to draw contrary conclusions from the evidence, this court is not permitted to second guess the BIA's decision on the matter); *Mohammed v. Keisler*, 507 F.3d 369, 371 (6th Cir. 2007) (same). The record does not compel a conclusion contrary to the BIA's.

**Withholding of Removal and CAT**

Because Kaur cannot show that the record compels a contrary conclusion regarding her asylum claim, she cannot show that it does so with respect to her claim for withholding of removal. *See, e.g.*, *Dorosh v. Ashcroft*, 398 F.3d 379, 383-84 (6th Cir. 2004) ("Since [the petitioner] did not meet the burden of proof for asylum, she cannot meet the clear probability standard necessary for a granting of withholding of removal.").

The basis for Kaur's requests for asylum and withholding of removal is also the basis for her request for relief under CAT. Her failure to carry her burden on asylum and withholding is fatal to her claim for relief under CAT. *See, e.g.*, *Yu v. Ashcroft*, 364 F.3d 700, 703 n.3 (6th Cir. 2004).

For the above reasons, we DENY Kaur's petition for review.

### III  -  Docket No. 10-4346 - Motion to Reopen

Kaur does not appeal the BIA's denial of her motion to reconsider, only the denial of her motion to reopen. This court reviews the Board's decision to deny a motion to reopen for abuse of discretion, *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006), looking to whether the BIA's denial

was made without a rational explanation, inexplicably departed from established policies, or rested

on an impermissible basis such as invidious discrimination against a particular race or group. *Id.*

> A successful motion to reopen due to ineffective assistance of counsel before the BIA must satisfy two conditions. First the claim must present the facts required by *Matter of Lozada*, 19 I. & N. Dec., 637, 639 (BIA 1988). Briefly, the *Lozada* requirements are (1) that the motion be supported by an affidavit detailing counsel's failings, (2) that counsel be informed of the allegations, and (3) that the motion show that disciplinary charges have been filed with the appropriate authority.

> Second, the BIA requires that [Kaur] "must also show that . . . she was prejudiced by the actions or inactions of counsel." . . . .

> [Kaur] "carries the burden of establishing that ineffective assistance of counsel prejudiced [her] or denied [her] fundamental fairness in order to prove that [s]he has suffered a denial of due process." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001)

*Sako*, 434 F.3d at 863. We review de novo the question whether the alien carried her burden of

establishing that ineffective assistance of counsel prejudiced her or denied her fundamental fairness.

*Id.*

We agree with the BIA that Kaur failed to show prejudice.

Kaur's second counsel argues that had it not been for first counsel's failure to file the

supplemental I-589 application and statement, the IJ would have found that Kaur suffered past

persecution. We cannot agree. We understand from the IJ's opinion that, even if Kaur's 1997

application had revealed that she was twice raped by Indian authorities, or if Kaur's first counsel had

submitted a supplemental application to that effect, her claim of past persecution would have failed.

Although Kaur's second counsel is correct that neither the BIA nor the IJ stated whether the rapes,

if they occurred, amounted to persecution, even if such a determination had been made, Kaur still would have failed to establish that the persecution was on account of a statutorily protected ground.

As to Kaur's Motion to Reopen, we are at a loss to understand why Kaur's second counsel failed to submit any corroborative evidence therewith.

Notwithstanding this unfortunate state of affairs, in the final analysis it cannot be said that the BIA's denial of Kaur's motion to reopen was arbitrary, irrational, or capricious.  Kaur failed to present evidence demonstrating that, had she supplemented her asylum application or submitted corroborating evidence, she would have demonstrated that her fear of persecution was based on a protected ground.

For these reasons, we DENY both petitions for review.