NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0085n.06

Case No. 12-3354

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 24, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CRISPEN FUNGAI GODO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | OF A DECISION OF THE |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., | ) | APPEALS |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  BATCHELDER, Chief Judge; MERRITT and KETHLEDGE, Circuit Judges.

**ALICE M. BATCHELDER**, **Chief Judge.**  Petitioner Crispen Fungai Godo, a native and

citizen of Zimbabwe, petitions for review of the Board of Immigration Appeals' order denying his

application for withholding of removal.  Because the record does not compel us to conclude that

Godo is more likely than not to be persecuted for his political beliefs if he is removed to Zimbabwe,

we DENY his petition.

I.

Godo entered the United States in March of 1992 on a non-immigrant student visa, but he

attended school only in the Fall 2002 semester before discontinuing his pursuit of higher education.

Five years later, the Department of Homeland Security charged Godo with removability because he

had failed to live up to the conditions of his non-immigrant status.  Godo conceded removability and

then, on November 28, 2008, filed applications for withholding of removal and protection under the Convention Against Torture ("CAT").

The following November, Godo appeared for his removal hearing. There, he explained that the basis for his applications was his fear that he will be persecuted in Zimbabwe for supporting the Movement of Democratic Change (MDC) party, which Zimbabwe's ruling party, the Zimbabwe African National Union-Patriotic Front (ZANU-PF), has serially oppressed. While Godo has never been a member of the MDC party, he supported it in a 2002 election by distributing flyers at a pro-MDC party rally and by voting in support of MDC candidates.

Godo provided three forms of proof to bear out his fear of persecution. First, he testified that the MDC party rally he attended was broken up by police, who randomly beat demonstrators to make them disperse. Godo was among the beaten, incurring bruises on his back but no serious injuries. This was Godo's sole run-in with the government, and it did not motivate his later decision to come to the United States.

Second, he testified that he has heard about a number of instances of oppression against MDC party supporters. Godo's father had told Godo of several individuals who had "disappeared" because of their political beliefs. Godo's cousin had been beaten before elections in 2002 for allowing MDC party meetings to take place in his shop, after which he fled to South Africa. A friend of Godo's had been beaten in 2006 for failing to attend a mandatory ZANU-PF rally at his school. Finally, Godo's father warned him that ZANU-PF members intimidate people by asking them if they voted for the MDC party.

Third, Godo provided several governmental reports and news stories showing that ZANU-PF's oppression of the MDC party's members has been and remains a severe problem.

The Immigration Judge (IJ) found that Godo was not credible and that he had failed to provide any corroboration to show that he had ever been beaten or that any of his hearsay-based allegations of abuse were true. The IJ also noted that Godo had not shown that he was at all officially affiliated with the MDC party or had plans to become affiliated upon returning to Zimbabwe. The IJ accordingly concluded that Godo had not met his burden of proof to obtain withholding of removal or CAT relief.

On appeal, the Board of Immigration Appeals (BIA) affirmed the IJ's conclusion. It found that it did not need to reach the question of whether Godo was credible because, even assuming his credibility, the BIA agreed with the IJ's finding that Godo had shown neither that he had suffered past persecution nor that he faced a clear probability of persecution upon his return. The BIA found that the single non-serious beating that Godo suffered was insufficient to show politically-based persecution, that he failed to produce corroboration about the oppression he had learned of from his friends and relatives, that Godo's motivation for leaving Zimbabwe was not driven by a fear of life-threatening persecution, and that he produced no evidence that he would be specifically targeted for persecution if he returned to Zimbabwe. Thus, the BIA upheld the IJ's determination that Godo had failed to prove he was entitled to withholding of removal or CAT relief.

Godo seeks our review regarding only the withholding-of-removal determination.

**II.**

Where, as here, the BIA affirms the IJ's decision by issuing its own opinion, the decision of the BIA is the decision we review. *Dieng v. Holder*, 698 F.3d 866, 871 (6th Cir. 2012). But "[t]o the extent the BIA adopted the immigration judge's reasoning, . . . this Court also reviews the immigration judge's decision." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the factual findings below for substantial evidence. *Id.* This means that we may reverse the decision on factual grounds only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Godo's sole argument on appeal is factual: he asserts that the evidence shows that he *did* experience past persecution for supporting the MDC party and that it *is* clearly probable he will face persecution for his political beliefs if he returns to Zimbabwe. *See Madilu v. Gonzales*, 155 F. App'x 874, 878 (6th Cir. 2005) (noting that "persecution determinations in removal hearings" are "findings of fact"). Were those assertions true, he would likely be eligible for withholding of removal. *See, e.g.*, *Mohammed v. Keisler*, 507 F.3d 369, 371-72 (6th Cir. 2007) (noting that withholding of removal is proper where the petitioner shows a clear probability of future persecution because of political belief, and that past persecution creates a presumption that future persecution will occur). But it is not our role to determine Godo's factual veracity. Instead, we can ask only whether the record compels us to conclude that the BIA's contrary determinations were wrong, and we conclude that it does not. *See Dieng*, 698 F.3d at 871; *Liti v. Gonzales*, 411 F.3d 631, 636-37 (6th Cir. 2005) (noting that the petitioner "must show that the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite persecution or fear of persecution" (internal quotation marks omitted)).

A single beating leaving nothing worse than bruises and forming no part of Godo's motivation to leave Zimbabwe is not so obvious an example of persecution that we can say no one could conclude otherwise. *Keisler*, 507 F.3d at 371 (noting that a single incident can be sufficient to show persecution only where it is severe); *Gilaj v. Gonzales*, 408 F.3d 275, 284 (6th Cir. 2005) ("[A] single beating does not *compel* a finding of persecution." (internal quotation marks and editing omitted)). And allegations of oppression against family, friends, and strangers are insufficient to show that we *must* conclude that Godo himself will face persecution upon returning to Zimbabwe. This is doubly true in light of Godo's failure to corroborate the allegations. *Urbina-Mejia v. Holder*, 597 F.3d 360, 367 (6th Cir. 2010) (recognizing that even when a petitioner is found credible, if "the agency determines that an applicant should provide corroborating evidence, . . . corroborating evidence is required"); *Liti*, 411 F.3d at 640 ("[E]ven if the applicant is credible, the absence of reasonably available corroborating evidence can lead to a finding that an applicant has failed to meet her burden of proof." (internal quotation marks and brackets omitted)). Similarly, though Zimbabwe unjustly oppresses minority political groups, the record does not require us to reject the BIA's finding that Godo failed to show he would be individually targeted for persecution by the government for supporting the MDC party. *See Gomez-Romero v. Holder*, 475 F. App'x 621, 625 (6th Cir. 2012) (citing 8 C.F.R. § 208.13(b)(2)(iii)). And this is particularly so given the IJ's findings that Godo's connection to the MDC party was fairly tenuous and that he did not show that he would support the MDC party if he returned to Zimbabwe.

**III.**

For these reasons, we **DISMISS** the petition for review.