NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0313n.06

No. 13-4194

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 25, 2014
DEBORAH S. HUNT, Clerk

KOK PING NG,                                    )
                                                )
        Petitioner,                             )
                                                )    ON PETITION FOR REVIEW
v.                                              )    FROM THE UNITED STATES
                                                )    BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,          )    APPEALS
                                                )
        Respondent.                             )

BEFORE:  DAUGHTREY, McKEAGUE, and GRIFFIN, Circuit Judges.

PER CURIAM.   Kok Ping Ng petitions for review of an order of the Board of
Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application
for withholding of removal and relief under the Convention Against Torture (CAT).

Ng is a native and citizen of Indonesia.  He last entered the United States in 2002.  In
2010, Ng filed an application for withholding of removal and relief under the CAT, alleging that,
if he is returned to Indonesia, he will be persecuted and tortured on account of his Chinese
ethnicity and Christian religion.  The IJ denied Ng relief, concluding, among other things, that he
did not qualify for withholding of removal because he failed to establish past persecution or a
clear probability of future persecution.  The BIA affirmed the IJ's decision.

On appeal, Ng argues that the IJ and BIA erred by concluding that he was ineligible for
withholding of removal.  Ng asserts that he established past persecution on account of his
religion based on a 2001 incident in which six armed members of the Front Pembela Islam

attacked him in his home and threatened his life, allegedly because Ng used Christian coloring books as a tool to teach English to Muslim children.

Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions *de novo* and factual findings for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial evidence standard, administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citations omitted).

To qualify for withholding of removal, an applicant must demonstrate that there is a clear probability that he would be subject to persecution on account of a protected ground if removed from the United States. *Id.* at 192-93. "Persecution is defined as the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim." *Al-Ghorbani v. Holder*, 585 F.3d 980, 997 (6th Cir. 2009) (citation and internal quotation marks omitted). An applicant who establishes past persecution is entitled to a rebuttable presumption of future persecution. *Khozhaynova*, 641 F.3d at 193.

Substantial evidence supported the BIA's decision to deny Ng relief. The single incident in 2001 during which Ng was beaten was not severe enough to constitute past persecution for purposes of establishing entitlement to withholding of removal. *See Mohammed v. Keisler*, 507 F.3d 369, 371 (6th Cir. 2007); *Pilica v. Ashcroft*, 388 F.3d 941, 954 (6th Cir. 2004). Likewise, the threat that Ng would be killed if he continued teaching English to neighborhood children using Christian religious materials did not constitute past persecution because the threat was not

"of a most immediate and menacing nature." *See Japarkulova v. Holder*, 615 F.3d 696, 701 (6th

Cir. 2010). Furthermore, the evidence adduced in this matter fails to demonstrate systematic or

pervasive persecution in Indonesia of either ethnic Chinese or Christians.

Accordingly, we deny Ng's petition for review.