**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0410n.06

**No. 11-3176**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 13, 2012*

LEONARD GREEN, Clerk

ELIZABETH GOMEZ-ROMERO; ADAN GOMEZ-ROMERO; EVELIO GOMEZ-ROMERO,

    Petitioners,

v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW FROM AN ORDER OF THE BOARD OF IMMIGRATION APPEALS

BEFORE: NORRIS, CLAY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Elizabeth, Adan, and Evelio Gomez-Romero, natives and citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals ("BIA" or "Board") affirming an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we deny the petition for review.

I.

Petitioners are siblings who entered the United States without inspection in July 2004. After being placed in removal proceedings, petitioners conceded removability and applied for asylum, withholding of removal, and protection under the CAT, asserting past persecution and fear of future persecution if removed to Guatemala. Petitioners also requested humanitarian asylum.

Petitioners testified in support of their applications on August 13, 2007. According to this testimony, petitioners were left in the care of their abusive mother after their father left for the United States. While living with their mother, petitioners suffered numerous incidents of physical and emotional abuse, including beatings, malnourishment, and exposure to inappropriate sexual activity. While petitioners' paternal grandfather was living in the same household, he was unable to protect himself or petitioners from the mother's abuse.

In 1999, petitioners were left in the care of their paternal grandfather when their mother left for the United States. When the grandfather died in 2003, petitioners, who were still minors, traveled to the United States to be reunited with their father. Since their entry into the United States, petitioners have all reached the age of majority.

Following the August 2007 hearing, the IJ found petitioners to be credible, but ineligible for relief. Specifically, the IJ held that petitioners had not established past persecution or a well-founded fear of future persecution, precluding a grant of asylum or withholding of removal. The IJ further held that petitioners had not established that it would be more likely than not that they would be subjected to torture upon their removal to Guatemala, precluding relief under the CAT. Finally, the IJ held that because petitioners did not experience past persecution, they were not entitled to humanitarian asylum.

On appeal, the BIA upheld the decision of the IJ, adding that even if petitioners had established past persecution, the government had demonstrated changed country conditions, thereby rebutting the presumption of future persecution. The BIA also held that general country conditions

in Guatemala are not a basis upon which to grant relief to petitioners. This timely petition for review followed.

II.

"When the BIA adopts the IJ's reasoning and supplements the IJ's opinion, that opinion, as supplemented by the BIA, becomes the basis for review." *Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009). We "directly review[ ] the decision of the IJ while considering the additional comment made by the BIA." *Id.* (internal quotation marks and citation omitted).

We review questions of law de novo. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "Factual findings are reviewed under a substantial evidence standard in which we uphold a BIA determination as long as it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Zhao*, 569 F.3d at 247 (internal quotation marks and citation omitted). Such findings are "conclusive" unless "any reasonable adjudicator would be compelled to conclude to the contrary[.]" *Id.* (internal quotation marks and citation omitted).

Asylum may be granted to an alien who qualifies as a "refugee," a term defined as one "who is unable or unwilling to return to . . . [his or her home country] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. §§ 1158(b)(1)(A), 1101(a)(42)(A). An applicant for asylum bears the burden of demonstrating that "persecution is a reasonable possibility" if returned to their country of origin. *Perkovic v. INS*, 33 F.3d 615, 620 (6th Cir. 1994) (internal quotation marks and citation omitted). An applicant is not required to demonstrate that he or she will probably

be persecuted if removed because "[o]ne can certainly have a well-founded fear of an event happening when there is less than a 50% chance of the occurrence taking place." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987). The applicant's testimony, if deemed credible, may be sufficient to sustain the burden of proof without corroboration. 8 C.F.R. § 1208.13(a).

Even if not entitled to asylum, an alien may secure withholding of removal if he or she can show that his or her "life or freedom would be threatened in that country [to which they would be sent] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The petitioner must establish a "clear probability of persecution[.]" *INS v. Stevic*, 467 U.S. 407, 413 (1984). To meet this standard, the applicant must demonstrate that "it is more likely than not" he or she will be persecuted upon removal. 8 C.F.R. § 1208.16(b)(2). "[T]he courts consider the same factors to determine eligibility for both asylum and withholding, but in the case of withholding, a higher probability of persecution is required." *Castellano-Chacon v. INS*, 341 F.3d 533, 545 (6th Cir. 2003).

To be eligible for CAT protection, the applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see Ali v. Reno*, 237 F.3d 591, 597 (6th Cir. 2001) (defining and discussing "torture"). We will uphold the BIA's decision concerning CAT protection unless it is "manifestly contrary to law[.]" *Ali*, 237 F.3d at 596 (internal quotation marks and citation omitted). "Thus, the BIA's determination should be upheld unless evidence not only supports a contrary conclusion, but indeed *compels* it." *Zhao*, 569 F.3d at 247 (internal quotation marks and citation omitted).

III.

Petitioners assert that the BIA erred in upholding the IJ's denial of asylum. Upon review, we find no such error.

"The disposition of an application for asylum involves a two-step inquiry: (1) whether the applicant qualifies as a refugee as defined in 8 U.S.C. § 1101(a)(42)(A), and (2) whether the applicant merits a favorable exercise of discretion by the Attorney General." *Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1150 (6th Cir. 2010) (internal quotation marks and citation omitted). "To qualify as a refugee, the applicant must establish that he or she has suffered past persecution on the basis of race, religion, nationality, social group, or political opinion; or show that he or she has a well-founded fear of [future] persecution on one of those same bases." *Id.* (internal quotation marks, citation, and alterations omitted); *see also* 8 C.F.R. § 1208.13(b).

Petitioners assert that they suffered past persecution at the hands of their mother, who abused and subsequently abandoned them. While we are sympathetic to the cruel treatment endured by petitioners, such treatment does not constitute past persecution "on account of" a protected ground. 8 C.F.R. § 1208.13(b)(1). Petitioners allege that they are "children of the Gomez-Romero Family," a "particular social group" entitled to protection under the Act. 8 U.S.C. § 1158(b)(1)(B)(i). While we agree that kinship ties may constitute a "particular social group," *Al-Ghorbani v. Holder*, 585 F.3d 980, 995 (6th Cir. 2009), the domestic abuse suffered by petitioners was not on account of this status. Rather, petitioners were abused because of their exposure to a violent, unstable person. *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992) (holding that personal disputes do not constitute

"persecution"). Indeed, the mother's abuse was not limited to her children, but was also inflicted upon petitioners' paternal grandfather. Thus, petitioners cannot establish the required nexus between a protected ground and the alleged past persecution.[1] *See Al-Ghorbani*, 585 F.3d at 997 ("Asylum and the withholding of removal are not available to an alien who fears retribution *solely* over personal matters.") (internal quotation marks and citation omitted); *In re S-A-*, 22 I. & N. Dec. 1328, 1336 (BIA 2000) (holding that abuse at the hands of a father constituted persecution because it was on account of his daughter's religious beliefs).[2]

Moreover, even if petitioners could link the abuse of their mother to a protected ground, they have failed to present any evidence that the Guatemalan government was unwilling or unable to protect them. "When an asylum claim focuses on non-governmental conduct, its fate depends on some showing either that the alleged persecutors are aligned with the government or that the government is unwilling or unable to control them." *Khalili*, 557 F.3d at 436 (quoting *Raza v. Gonzales*, 484 F.3d 125, 129 (1st Cir. 2007)). Petitioners admit that they never contacted the police regarding the alleged abuse. *See El Ghorbi v. Mukasey*, 281 F. App'x 514, 517 (6th Cir. 2008) (finding no evidence that the government was unwilling or unable to prevent the alleged persecution,

---

[1]Petitioners also allege that they are "abandoned children of Guatemala," another "particular social group" entitled to protection under the Act. However, petitioners do not allege that they were abused by their mother "on account of" this status.

[2]Even if petitioners could establish past persecution on account of the mother's abuse, the presumption of future persecution would be rebutted by changed country conditions. *Koliada v. INS*, 259 F.3d 482, 487 (6th Cir. 2001) (citing 8 C.F.R. § 208.13(b)(1)(i)). Indeed, it is undisputed that petitioners' mother no longer resides in Guatemala.

noting that petitioner "never complained to or sought protection from the government or the police"). In light of their ability to travel to the United States, petitioners have failed to establish that contacting the police would have been unduly burdensome or impossible. And, had petitioners contacted the police, the most recent Country Report indicates that governmental agencies in Guatemala are capable of addressing and stopping domestic violence against children.

Petitioners next assert that even if they cannot establish past persecution, they have a well-founded fear of future persecution. We disagree. To demonstrate a well-founded fear of future persecution, a petitioner must show that "'persecution is a reasonable possibility'" upon removal. *Perkovic*, 33 F.3d at 620 (quoting *Cardoza-Fonseca*, 480 U.S. at 440). The concept of well-founded fear "has both a subjective and an objective component: an alien must actually fear that he will be persecuted upon return to his country, and he must present evidence establishing an 'objective situation' under which his fear can be deemed reasonable." *Id.* at 620-21 (citation omitted). A well-founded fear of future persecution can be based on either a likelihood of harm specifically targeted at the alien or a "pattern or practice" of persecution of others similarly situated. 8 C.F.R. § 208.13(b)(2)(iii); *see Akhtar v. Gonzales*, 406 F.3d 399, 404 (6th Cir. 2005).

First, petitioners cannot establish a threat of future persecution "on account of" a protected basis. Indeed, petitioners' mother no longer resides in Guatemala, and thus there is no threat of harm to petitioners on account of their status as "children of the Gomez-Romero Family." While it appears that petitioners also claim "abandoned children of Guatemala" to be a recognizable "social

group," they themselves are no longer children. Indeed, all the petitioners are now over the age of 18.

Finally, petitioners allege a fear of future persecution on account of gang violence in Guatemala. General country conditions, however, cannot serve as a basis for asylum. Rather, a petitioner must show "a real threat of individual persecution." *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (internal quotation marks and citation omitted). While petitioners allege that Adan and Evelio are "at a pivotal age where gangs will harass them to join," they cite nothing in the record to substantiate this claim, and a risk to all young Guatemalan men is too generalized to support a claim for asylum.[3] *Castellano-Chacon*, 341 F.3d at 550 ("[A] petitioner must show that [he] is at particular risk–that [his] predicament is appreciably different from the dangers faced by [his] fellow citizens.") (internal quotation marks and citation omitted). Moreover, even if petitioners would be specifically subjected to gang recruitment upon their return to Guatemala, it is unlikely that young men "subjected to [gang] recruitment efforts," is entitled to "particular social group" status. *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136-37 (6th Cir. 2010). Indeed, "a social group may not be circularly defined by the fact that it suffers persecution. The individuals in the group must share a narrowing characteristic other than their risk of being persecuted." *Rreshpja v. Gonzales*, 420 F.3d 551, 556 (6th Cir. 2005). Accordingly, the BIA did not err in affirming the denial of asylum.

---

[3]It appears that petitioners believe they would be vulnerable to gang recruitment because of their lack of a legal guardian in Guatemala. As noted above, however, all petitioners have reached the age of majority and thus are no longer in need of a guardian.

IV.

Petitioners next assert that the BIA erred in upholding the IJ's denial of withholding of removal. However, "[w]hen an applicant 'fail[s] to meet the statutory eligibility requirements for asylum, the record necessarily supports the finding that [the applicant does] not meet the more stringent standard of a clear probability of persecution required for withholding of [removal].'" *Berri v. Gonzales*, 468 F.3d 390, 397 (6th Cir. 2006) (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)). Thus, because petitioners fail to meet the requirements for asylum, they also fail to meet the requirements for withholding of removal.

V.

Next, petitioners assert that they are entitled to protection under the CAT. Once again, we disagree. To be entitled to relief under the CAT, a petitioner must demonstrate that it is more likely than not that he or she will be subjected to torture if removed to their country of origin. *Mapouya*, 487 F.3d at 414. "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). There is no evidence in the record indicating that petitioners are likely to be subjected to such treatment if removed to Guatemala. Moreover, there is no evidence that petitioners would be subject to any harm "inflicted, instigated, consented to, or acquiesced in, by

- 9 -

state actors." *Castellano-Chacon*, 341 F.3d at 552. Thus, the BIA did not err in upholding the IJ's denial of relief under the CAT.

VI.

Finally, petitioners assert that they are entitled to humanitarian asylum. 8 C.F.R. § 1208.13(b)(1)(iii). A petitioner is eligible for humanitarian asylum, even in the absence of a well-founded fear of future persecution, if:

> (A) The applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution; or

> (B) The applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country.

*Id.* However, relief under both subsections "is contingent upon a showing of past persecution." *Duhanaj v. Gonzales*, 250 F. App'x 681, 689 (6th Cir. 2007) (citing *Hamida v. Gonzales,* 478 F.3d 734, 740-41 (6th Cir. 2007) and *Liti v. Gonzales*, 411 F.3d 631, 641-42 (6th Cir. 2005)). Thus, petitioners' failure to establish past persecution precludes the grant of humanitarian asylum.

VII.

For the foregoing reasons, we deny the petition to review the BIA's decision.