NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0235n.06

No. 21-3905

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PETRONA FRANCISCO-PASQUAL,

    Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

FILED
Jun 13, 2022
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW OF AN ORDER OF THE UNITED STATES BOARD OF IMMIGRATION APPEALS

OPINION

Before: WHITE, BUSH, and READLER, Circuit Judges.

**JOHN K. BUSH**, Circuit Judge. Petrona Francisco-Pasqual applied for asylum, withholding of removal, and Convention Against Torture (CAT) relief. She believed that attacks she suffered at the hands of a man in her native Guatemala sufficed to meet her necessary burdens for all three forms of relief. But the Immigration Judge (IJ) denied each of her applications. So she appealed to the Board of Immigration Appeals (BIA), challenging only the IJ's denial of her applications for asylum and withholding of removal. The BIA dismissed her appeal. She now petitions us for review of the BIA's decision. While Francisco-Pasqual alleges that she was a victim of serious crime in Guatemala, substantial evidence supports the BIA's conclusions. We therefore deny the requested relief.

**I.**

Francisco-Pasqual is a native and citizen of Guatemala. She is fluent only in Acateco, an indigenous language that is not widely spoken throughout Guatemala and is common only near

her home region of Huehuetenango. She does not speak English or Spanish well. Most of her family remains in Huehuetenango, and she has six children with a man she considers her husband.

Francisco-Pasqual came to the United States in 2014. Shortly after her arrival, the Department of Homeland Security issued a Notice to Appear charging her as removable for illegally entering the country. She admitted to the allegations in the Notice to Appear and conceded removability. She then applied for asylum, withholding of removal, and Convention Against Torture relief. *See* 8 U.S.C. §§ 1158, 1231(b)(3).

Through an interpreter, Francisco-Pasqual gave oral testimony in front of the IJ to bolster her application. She fled to the United States, she claims, because she fears a man from her home village named Juan Francisco. She believes that Juan Francisco is of her same ethnicity, and he is the only person in Guatemala she fears. Juan Francisco allegedly has twice attacked Francisco-Pasqual in her home.

In May 2014, Francisco-Pasqual claims, Juan Francisco attempted to rape her in her home. But he left after she fought him off. Her local police station was at least an hour's walk away, and Francisco-Pasqual implied that, as a woman, she did not feel safe walking there. So she did not file a police report.

Francisco-Pasqual testified that Juan Francisco next attacked her in June 2014. He attempted to rape her and hit her in the face, but she again managed to escape. This time, she filed a police report. Police arrested Juan Francisco but only held him in jail for a few hours. So, once released, he threatened to kill her. She did not seek medical treatment after either incident. Juan Francisco's motives remain unknown, but the IJ viewed them as purely criminal.

The IJ denied Francisco-Pasqual's application and ordered her return to Guatemala. She appealed to the BIA and challenged the IJ's denial of her applications for asylum and withholding

of removal. The BIA dismissed her appeal, finding the IJ's reasoning persuasive. She timely petitioned for review.

**II.**

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252. *See Marikasi v. Lynch*, 840 F.3d 281, 286 (6th Cir. 2016). We review factual findings under a deferential "substantial evidence" standard. *Id.* And we cannot reverse the BIA's findings "unless any reasonable adjudicator would be compelled to conclude" the opposite. 8 U.S.C. § 1252(b)(4)(B). We review questions of law de novo. *Marikasi*, 840 F.3d at 286 (quoting *Abdurakhmanov v. Holder*, 735 F.3d 341, 345 (6th Cir. 2012)).

To be granted asylum, Francisco-Pasqual had to show that she is a "refugee," meaning that she "is unable or unwilling to return to her home country because of past persecution or a 'well-founded fear' of future persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Umana-Ramos v. Holder*, 724 F.3d 667, 670 (6th Cir. 2013); 8 U.S.C. §§ 1158(b), 1101(a)(42). Francisco-Pasqual bears the burden of showing that one of the above grounds "was or will be at least one central reason for" her persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *Juan Antonio v. Barr*, 959 F.3d 778, 789 (6th Cir. 2020). And for withholding of removal, she need only show that one of the above grounds was "one reason" for her persecution. *Guzman-Vazquez v. Barr*, 959 F.3d 253, 274 (6th Cir. 2020).

So did Francisco-Pasqual meet these burdens? We find there is substantial evidence to support the BIA's conclusion that she did not. Francisco-Pasqual begins by contending that the BIA erred in affirming the IJ's denial of her application because she had established past persecution on account of a protected status and a well-founded fear of future persecution because of Juan Francisco's prior attacks. She next argues that the recent vacatur of certain immigration

court decisions creates a "genuine question of law" that compels reversal. We take each claim in turn.

Even assuming Francisco-Pasqual has proffered a colorable argument for past or future persecution, it fails.[1] The record reflects that Francisco-Pasqual might well be the victim of multiple heinous attacks. But she offers no evidence that any of her asserted protected characteristics motivated Juan Francisco's actions. Indeed, she shared an ethnic group and a home village with him; he said nothing about her ethnicity, religion, nationality, political opinion, or social group during either attack; and she did not know why he targeted her. *Cf. Zometa-Orellana v. Garland*, 19 F.4th 970, 977–78 (6th Cir. 2021) (denying relief when the petitioner failed to connect her alleged persecution to a protected ground).

Simply put, Francisco-Pasqual has provided no evidence that Juan Francisco attacked her because of her status as a "single, indigenous, Guatemalan woman." And victimization for criminal reasons alone cannot show persecution. *See Patel v. Gonzales*, 126 F. App'x 283, 292 (6th Cir. 2005) (citation omitted); *see also Umana-Ramos*, 724 F.3d at 670. Substantial evidence thus supports the BIA's factual conclusions about her attacker's motives.

The BIA also reasonably concluded that Francisco-Pasqual is unlikely to be persecuted if she returns to Guatemala. This conclusion finds support in the record, given that Juan Francisco is the only person she has identified who has harmed her or threatened to harm her, and he is the only person in Guatemala whom she fears. She did not present evidence that the Guatemalan government was threatening her or acquiescing in Juan Francisco's behavior. *See Gomez-Romero v. Holder*, 475 F. App'x 621, 625 (6th Cir. 2012). Further, her fear is localized to one man in her

---

[1] Francisco-Pasqual's argument consists of just two sparse paragraphs and invokes no legal authority in support of her claim. She does not develop any substantive arguments, nor does she cite facts from the record. She instead offers a handful of conclusory sentences that merely reiterate her position from the proceedings below.

home village. *Cf. Berri v. Gonzales*, 468 F.3d 390, 397 (6th Cir. 2006) (remarking that a petitioner must show a "well-founded fear of persecution throughout the *entire* country"). She could thus presumably avoid Juan Francisco's potential predations by moving elsewhere in Guatemala. Her briefing offered nothing to rebut the government's determinations and does not overcome the deference we owe the BIA. And we see no other looming threats based on her asserted characteristics.

Finally, although we review questions of law de novo, Francisco-Pasqual has given this court little to support her sole legal contention. She tenders one conclusory sentence listing recently vacated administrative decisions and asserts that such vacaturs create a "genuine question of law that needs to be addressed." But she does not explain what bearing, if any, these vacated decisions had upon the decision of her case. None are referenced in the record, except in a section of boilerplate text incorporated by reference in the IJ's decision. Francisco-Pasqual's bare assertion that "there is a genuine question of law" does not suffice when the question remains unidentified. And as the government notes, the BIA did not rely on the now-vacated decisions she identifies in *Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018) (*A-B- I*) and *Matter of A-B-*, 28 I&N Dec. 199 (A.G. 2021) (*A-B- II*), which involve questions the BIA did not reach: whether a petitioner can establish a cognizable social group and whether the petitioner's government can prevent the petitioner's persecution. Francisco-Pasqual's sparse allegations do not pose a genuine question of law. For these reasons, we deny her petition.